J-A03033-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | | |
|---|---|---|---|
| ERIN M. GRECO, | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellee | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| JASON TIMMERMAN, | : | | |
| | : | | |
| Appellant | : | No. 843 WDA 2018 | |

Appeal from the Order May 10, 2018
in the Court of Common Pleas of Lawrence County
Domestic Relations at No(s): 380 of 2010 DR

| | | | |
|---|---|---|---|
| ERIN M. GRECO, | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| JASON TIMMERMAN, | : | | |
| | : | | |
| Appellee | : | No. 907 WDA 2018 | |

Appeal from the Order May 10, 2018
in the Court of Common Pleas of Lawrence County
Domestic Relations at No(s): 00380-2010 DR

BEFORE: BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

JUDGMENT ORDER BY STRASSBURGER, J.: **FILED APRIL 12, 2019**

Jason Timmerman (Father) and Erin M. Greco (Mother) cross-appeal

from the trial court's order entered on May 10, 2018,[1] which modified an

---

* Retired Senior Judge assigned to the Superior Court.

[1] It appears there was a delay in docketing the order, as it was dated April 19, 2018.

existing order of child support for their minor children, A.T. and J.T.[2]  Because this order is interlocutory, we quash the appeals.

Given our disposition, we provide only the following relevant facts and procedural history.  On June 22, 2010, the trial court entered an interim order, which, *inter alia*, set Father's monthly net income at $4,882.73, set Mother's monthly net earning capacity at $1,106.64, and established Father's monthly child support obligation at $1,192.92, plus arrears.  On August 7, 2017, Mother filed a petition to modify the existing support order.  On September 6, 2017, the trial court issued a modified order, which, *inter alia*, set Father's monthly net income at $9,682.42, Mother's monthly net income at $2,133.27, and directed Father to pay a monthly child support obligation of $1,761.58, plus arrears.

Thereafter, Mother filed a demand for a *de novo* hearing, claiming that the parties' incomes were calculated incorrectly and the modified support obligation should apply retroactively.  Following a hearing on December 12, 2017, the trial court issued its findings of fact, opinion and order which, *inter alia*, kept the monthly child support obligation at $1,761.58, but ordered it to apply retroactively to September 1, 2016.  **See** Order, 1/5/2018.  Mother timely filed a motion for reconsideration, which the trial court granted.  Following argument by the parties, the trial court entered its opinion and order

---

[2] This Court *sua sponte* consolidated the appeal and cross-appeal.  Order, 6/21/2018.

on May 10, 2018. In its opinion and order, the trial court, *inter alia*, "remanded the case to the Lawrence County Domestic Relations Office to calculate an arrearage amount and to set a monthly arrearage payment." Order, 5/10/2018, at ¶ 10; **see also id.** at ¶¶ 2, 5-9.

This timely-filed appeal and cross-appeal followed. Father and Mother complied with Pa.R.A.P. 1925(b). On July 19, 2018, the trial court entered an opinion relying on its opinion and order entered on May 10, 2018.

Before reaching the merits of the parties' issues, we must first consider whether this Court has jurisdiction over the matter. Neither party has addressed this issue.

An appeal will lie only from a final order unless otherwise permitted by statute or rule. **See** Pa.R.A.P. 341. A final order is one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).

As noted *supra*, the trial court ordered the case to be remanded to the Domestic Relations Office to calculate an arrearage amount and to set a monthly arrearage payment. The order clearly contemplates further action by the Domestic Relations Office to calculate arrears. However, the certified trial court docket and record contain no order entered following remand to the Domestic Relations Office for calculation of arrears, and neither Father nor Mother purports to appeal from such an order. Therefore, the arrearage amount has not been finally determined. Until the arrearage amount is calculated and any dispute over that amount or how it should be paid is

resolved by the trial court, the amount has not been finally determined. Accordingly, because the order entered on May 10, 2018 does not dispose of all claims, it is interlocutory and not a final appealable order under Pa.R.A.P. 341. Thus, we quash the appeals.

Appeals quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/12/2019